UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ELIZABETH S. TELES, et al., )<br>Plaintiffs, )<br> )<br>v. )<br> )<br>BIG ROCK STABLES, L.P., et al., )<br>Defendants. ) | No. 3:04-CV-349<br>(Phillips) |

## MEMORANDUM AND ORDER

This is a civil action for personal injuries sustained by Elizabeth Teles while horseback riding at defendants' stables on August 11, 2003. Teles states that she fell because the defendants provided a faulty saddle with stirrups which were too long for her legs, causing her to lose her balance and fall off the horse, injuring her left arm, shoulder and leg. Pending before the court is defendants' motion for summary judgment [Doc. 18] For the reasons stated below, defendants' motion will be denied.

## I. Background

On August 11, 2003, the Teles family rented horses from the defendants to ride on trails owned and maintained by defendants. Defendant Big Rock Stables is an entity employing equine professionals engaged in renting horses for the purpose of recreational riding. The defendant Lil' Ponderosa, owns and operates the campground adjacent to the Big Rock Stables' property.

Prior to the horse ride, plaintiffs signed written releases stating in part:

> I . . . do hereby release THIS STABLE of and from all claims, demands, causes of action and legal liability, whether the same be known or unknown, anticipated or unanticipated due to THIS STABLE'S and/or ITS ASSOCIATES ordinary negligence; . . .

Plaintiff Elizabeth Teles rode a horse with her son at the rear of the five horse procession. The horse on which Mrs. Teles was riding fell behind the other horses on the ride several times. Mrs. Teles fell from the horse at the end of an hour long ride when her horse ran or trotted to catch up to the other horses.

Plaintiffs allege that Elizabeth Teles fell from the horse because of the willful and wanton negligence of defendants and their employees and agents, for providing faulty equipment or tack, causing her serious injuries. Specifically, plaintiffs allege that defendants provided Mrs. Teles with a faulty saddle whose stirrups were entirely too long for Mrs. Teles' legs, causing her to lose her balance and fall from the horse.

Defendants aver that they are exempt from liability for plaintiffs' injuries under the Tennessee Equine Activities Act (Equine Act), T.C.A. § 44-20-101, *et seq,* as "equine professionals" under the Act; that plaintiff was a "participant under the Act, and falling off of the horse was an "inherent risk of equine activities" under the Act. Therefore, defendants assert they are entitled to judgment as a matter of law. The defendant Lil' Ponderosa, an entity that owns and operates the campground adjacent to the Big Rock Stables, asserts it is not connected in any way to the ownership or operation of the stables.

Thus, it is not liable for plaintiffs' injuries. Finally, defendants assert that plaintiff released defendants from any liability for negligence as a condition to taking the horse ride. Defendants argue that their negligence, if any, does not rise to the level of "willful and wanton," so as to void the release. Therefore, because they have been released from liability for any negligent acts, defendants assert that plaintiffs' case must be dismissed.

## II. Standard of Review

Rule 56(c), Federal Rules of Civil Procedure, provides that summary judgment will be granted by the court only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The burden is on the moving party to conclusively show that no genuine issue of material fact exists. The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Morris to Crete Carrier Corp.,* 105 F.3d 279, 280-81 (6th Cir. 1987); *White v. Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943 (6th Cir. 1990); *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). Once the moving party presents evidence sufficient to support a motion under Rule 56, Federal Rules of Civil Procedure, the non-moving party is not entitled to a trial simply on the basis of allegations. The non-moving party is required to come forward with some significant probative evidence which makes it necessary to resolve the factual dispute at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *White,* 909 F.2d at 943-44. The moving party is entitled to summary judgment if the non-moving party fails to make a sufficient showing on an essential element of its case

3

with respect to which it has the burden of proof. *Celotex,* 477 U.S. at 323; *Collyer v. Darling,* 98 F.3d 220 (6th Cir. 1996).

### III. Analysis

Defendants move for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure. In support of the motion, defendants assert that (1) the application of the Tennessee Equine Activities Act, T.C.A. § 44-20-101, bars a lawsuit of this nature on the facts of plaintiffs' case; (2) plaintiffs signed written releases which absolve the defendants from any liability for their claimed injuries and damages; and (3) the conduct alleged by the plaintiffs in their complaint could not rise to the level of "wanton and willful," so as to void the release signed by plaintiffs.

#### A. Tennessee Equine Activities Act

First, defendants assert that any act of negligence is exempted from liability by the application of the Equine Act, which provides:

> [T]hat persons who participate in equine activities may incur injuries as a result of the risks involved in such activities. The general assembly also finds that the state and its citizens derive numerous economic and personal benefits from such activities. It is, therefore, the intent of the general assembly to encourage equine activities by liming the civil liability of those involved in such activities.

T.C.A. § 44-20-101. The Act further states:

> Except as provided in § 44-20-104, an equine activity sponsor, an equine professional, or any other person, which shall include a corporation or partnership, shall not be liable for an injury to or the death of a participant resulting from the inherent risks of equine activities. Except as provided in § 44-20-104, no participant or participant's representative shall make any claim against, maintain an action against, or recover from an

4

> equine activity sponsor, an equine professional, or any other person for injury, loss, damage, or death of the participant resulting from any of the inherent risks of equine activities.

T.C.A. § 44-20-103.

The statute defines "inherent risks of equine activities" as those dangers or conditions which are an integral part of equine activities, including, but not limited to:

> (A) The propensity of an equine to behave in ways that may result in injury, harm, or death to persons on or around them;
>
> (B) The unpredictability of an equine's reaction to such things as sounds, sudden movements, and unfamiliar objects, persons, or other animals;
>
> (C) Certain hazards such as surface and subsurface conditions;
>
> (D) Collisions with other equines or objects; and
>
> (E) The potential of a participant to act in a negligent manner that may contribute to injury to the participant or others, such as failing to maintain control over the animal or not acting within the participant's ability.

T.C.A. § 44-20-102.

Defendants contend they are exempt from liability as Mrs. Teles was injured by an inherent risk of an equine activity. Defendants point to plaintiffs' complaint which alleges that the horse Mrs. Teles was riding was forced to trot to catch up to the other riders. This is an inherent risk defined in T.C.A. 44-20-101 as the "propensity of an equine to behave in ways that may result in injury," and "the unpredictability of an equine's reaction to such things as sounds, sudden movements and unfamiliar objects, persons or other animals." Moreover, defendants state that the horse ride lasted around an hour and at

5

no time did Mrs. Teles complain about the stirrups. She fell from the horse at the end of the ride. During the ride, the guide stated that Mrs. Teles repeatedly held her horse back so that it would run to catch up to the pack and that she advised Mrs. Teles to stop doing that. Defendants aver that even if there was a problem with the stirrups, which they dispute, an employee attempted to properly adjust the stirrups and the guide inquired about each rider's tack several times during the ride. Defendants argue that these actions do not approach the standard of gross negligence. Thus, defendants argue they are exempt from liability under the Act for plaintiffs' injuries.

Plaintiffs insist that defendants are not entitled to the exemptions from liability set forth above because they fall within the exclusions set out in T.C.A. § 4-20-104, which provide:

> Nothing in § 44-20-103 shall prevent or limit the liability of an equine activity sponsor, an equine professional, or any other person if the equine activity sponsor, equine professional, or person:
>
> (1)(A) Provided the equipment or tack, and knew or should have known that the equipment or tack was faulty, and such equipment or tack was faulty to the extent that it did cause injury; or
>
> . . .
>
> (3) Commits an act or omission that constitutes willful or wanton disregard for the safety of the participant, and that act or omission caused the injury; . . .

Plaintiffs argue that defendants provided Mrs. Teles with a saddle with stirrups that, even when shortened as much as possible, did not reach her feet. Defendants' solution was to cock the stirrups on their sides. This situation was captured in a souvenir photograph taken by defendant. When the horse began to run, plaintiff fell off because she could not reach the stirrups to gain balance and hold on to the horse.

Based upon the evidence submitted, it is clear to the court that this case does not involve an inherent risk of horse riding and comes within two exceptions to the Act (1) where the equine activity sponsor provided faulty tack or equipment and (2) where the sponsor committed an act in disregard for the safety of the equine participant. A reasonable jury could find that defendants willfully disregarded the safety of Mrs. Teles' because they knew that the stirrups could not provide her with the means to balance and hold on to the horse and that falling was probable, especially if the horse ran. There are disputed issues of material fact in this case as to whether plaintiff's fall was the result of an inherent risk of horse riding or the result of defendants' providing faulty tack and/or willful disregard for plaintiff's safety. Accordingly, summary judgment is not appropriate, and defendants' motion under the Equine Act will be denied.

### B. Release Signed by Plaintiffs

Second, defendants argue that the written release signed by plaintiff should be enforced. It is defendants' contention that even if they are guilty of negligence, the action is barred by the release executed by Mrs. Teles.

It is well settled in Tennessee that parties may contract that one shall not be liable for his negligence to another but that such other shall assume the risk incident to such negligence. *Moss v. Fortune,* 340 S.W.2d 902 (Tenn. 1960). This rule is subject to exception. A party cannot contract away his liability for willful or gross negligence. *Memphis & Charleston RR Co., v. Jones,* 39 Tenn. 517 (1859). Neither can a party contract away liability if the duty under which he acts is a public one. *Cincinnati, New Orleans & Texas Pacific Railway Co. v. Saulsbury,* 90 S.W. 624, 626 (Tenn. 1905); *Carolina, Clinchfield & Ohio Railway Co. v. Unaka Springs Lumber Co.,* 170 S.W. 591 594 (Tenn. 1914); *Hartford Fire Ins. Co. v. Chicago, Milwaukee & St. Paul Railway Co.,* 175 U.S. 91 (1899).

The existence of a public duty which would disallow giving effect to an exculpatory provision is determined by looking at several factors. If the service provided is the type which may generally be subject to public regulation then the duty probably exists. *Smith v. Southern Bell,* 364 S.W.2d 952, 958 (Tenn.App. 1962). Other factors include the degree to which the service is of practical necessity for some members of the public, whether the service is offered to any member of the public who seeks it or qualifies for it, whether one party has greater bargaining power than members of the general public, whether in exercising that bargaining power, the party presents a standardized "adhesion" contract making no provision whereby protection against negligence may be obtained, or whether the person or property of one party is placed under the control of the other. *Olson v. Molzen,* 558 S.W.2d 429, 431 (Tenn. 1977). Particularly offensive in Tennessee are exculpation contracts executed by persons in professional vocations. *Id.* at 432.

8

Analyzing the facts of this case under the foregoing rules, the court finds that a horse stable generally, and the services provided in this case specifically, are governed by the general rule and do not fall under the exception prohibiting exculpatory clauses. However, exculpatory clauses purporting to contract against intentional conduct, recklessness or gross negligence are unenforceable. *See Adams v. Roark,* 686 S.W.2d 73 (Tenn. 1985); *Memphis & Charleston RR,* 39 Tenn. at 517.

The release form at issue precludes liability for injury claims based on ordinary negligence. However, the release does not release the statutory liability for injuries resulting from faulty tack or equipment. Moreover, Tennessee law specifically excludes application of the release for willful misconduct and disregard for safety claims. As stated above, a reasonable jury could find that defendants provided faulty tack to Mrs. Teles and that defendants cocked the stirrups on their sides in willful disregard for her safety. Accordingly, summary judgment is not appropriate, and defendants' motion based upon the release will be denied.

### C. Lil' Ponderosa

Defendant Lil' Ponderosa claims it is not connected in any way to the ownership or operation of the stables. However, it holds itself out as owner and operator as indicated by the flyer which states only the name Lil' Ponderosa; the souvenir photograph contains the caption "Lil' Ponderosa Stables;" and Lil' Ponderosa and Big Rock Stables have a joint operation manual referring to themselves and employees of both as a "team." Based on this evidence, a reasonable jury could find that Lil' Ponderosa and Big

9

Rock Stables are an integrated enterprise such that each is liable for the acts or omissions of the other. Accordingly, defendant Lil' Ponderosa's motion for summary judgment will be denied.

### D. "Wanton and Willful" Conduct

Finally, defendants assert that any failure to tighten the stirrups to the proper length, which they dispute, does not rise to the level of "wanton and willful" conduct as a matter of law.

Gross negligence has been defined in Tennessee law as arising from "a conscious neglect of duty or a callous indifference to consequences." *Conroy v. City of Dickson,* 49 S.W.3d 868, 871 (Tenn.App. 2001), *quoting Thomason v. Wayne County,* 611 S.W.2d 585 (Tenn.App. 1980). The Tennessee Court of Appeals has also said "gross negligence is not characterized by inadvertence. It is a negligent act done with utter unconcern for the safety of others, or one done with such a reckless disregard for the rights of others that a conscious indifference to consequences is implied in law." *Odum v. Haynes,* 494 S.W.2d 795, 807 (Tenn.App. 1972).

As stated above, a reasonable jury could find that defendants' agents provided faulty tack and/or attempted to shorten the stirrups on plaintiff's saddle with reckless disregard for her safety. Therefore, the jury could reasonably find that this action constitutes "wanton and willful" activity, as defined by Tennessee law. Accordingly,

defendants' motion for summary judgment regarding whether defendants' conduct was "wanton and willful" will be denied.

## Conclusion

For the reasons stated above, defendants' motion for summary judgment [Doc. 18] is **DENIED** in all respects. The parties will prepare the case for trial.

**IT IS SO ORDERED.**

**ENTER:**

        s/ Thomas W. Phillips
      United States District Judge